Cynthia Alexander, Esq. (Nevada Bar No. 6718)
Erica Stutman, Esq. (Nevada Bar No. 10794)
SNELL & WILMER LLP
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

Thomas M. Hefferon, Esq. (*pro hac vice*)
Joseph F. Yenouskas, Esq. (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
thefferon@goodwinprocter.com
jyenouskas@goodwinprocter.com

Attorneys for Defendant Wells Fargo Bank, N.A.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ALETA ROSE GOODWIN et al., <br><br> Plaintiffs, <br><br> vs. <br><br> EXECUTIVE TRUSTEE SERVICES, LLC et al., <br><br> Defendants. | Case No. 3:09-cv-306-ECR-VPC <br><br> **MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO VACATE NON-FORECLOSURE STIPULATIONS** |

At the start of this litigation, and to avoid the costs and expenses associated with forthcoming preliminary injunction hearings, Wells Fargo Bank, N.A. ("Wells Fargo") entered into stipulations with Plaintiffs Brian Jones, George Moreno and Heather Monahan, and Signe Stehman, in which it agreed not to foreclose on the properties securing their loans. In return, Plaintiffs agreed to make payments of property taxes and insurance in connection with the loans. Since that time, Wells Fargo has lived up to its end of the bargain, but Plaintiffs have not—they refused to make the tax and insurance payments as required by the stipulations, and Wells Fargo had to incur those expenses (approximately $12,000) to protect the collateral securing the loans.

11541269.1

Moreover, Wells Fargo contacted Plaintiffs to inform them of the violations and to ask them to comply with their agreements; Plaintiffs simply ignored the letters. And, the situation is compounded because these Plaintiffs all <u>stopped making their required loan payments</u> long ago. They now owe a total of **over $236,000** on just these three loans, an amount growing each month.

Plaintiffs' actions not only violate their binding obligations under the stipulations, but also are highly unfair and inequitable. Their uncured material breach requires that the Court vacate the stipulations, and place the parties back in the position they occupied before the stipulations were entered into.

## BACKGROUND

### I.   The Parties' Agreements.

Plaintiffs filed this lawsuit on June 9, 2009. That same date, eleven plaintiffs filed a motion seeking to prohibit foreclosure and eviction activity with respect to properties securing their loans. "Motion for Temporary Restraining Order and Preliminary Injunction" (June 9, 2009) (Dkt. 2). On June 10, 2009, the Court granted a temporary restraining order, and scheduled a hearing on Plaintiffs' motion for preliminary injunction for June 22, 2009. "Temporary Restraining Order" (June 10, 2009) (Dkt. No. 5).

To avoid the costs and expenses associated with a hearing, on June 19, 2009, Wells Fargo entered into a stipulation with Plaintiff Jones in which it agreed not to engage in foreclosure activity with respect to the properties securing his loan. "Stipulation Between Plaintiffs and Defendants Regarding Preliminary Injunction Hearing" (June 19, 2009) (Dkt. No. 26) ("June 19 Stipulation") at ¶ 2.

Plaintiff Jones had a reciprocal obligation. Under Paragraph 6, Plaintiff Jones expressly "agree[d] to keep property taxes and insurance current" on his property.

A similar situation occurred with respect to Plaintiffs George Moreno and Heather Monahan, and Signe Stehman. They were parties to a motion filed on June 29, 2009, to stop foreclosure and eviction activity. "Motion for Temporary Restraining Order and Preliminary Injunction" (June 29, 2009) (Dkt. No. 59). After a TRO was entered and a hearing scheduled on a preliminary injunction request, the parties entered a stipulation containing substantially similar

terms as the June 19 Stipulation, in which Wells Fargo agreed not to foreclose, and Plaintiffs "agree[d] to keep property taxes and insurance current" on their respective properties. "Stipulation Between Plaintiffs and Defendants Regarding Preliminary Injunction Hearing" (July 16, 2009) (Dkt. No. 118) ("July 16 Stipulation") at ¶¶ 2, 6.

The Court approved both the June 19 and July 16 Stipulations. Minute Order of the Court (June 22, 2009) (Dkt. No. 28); Minutes of Court (July 16, 2009) (Dkt. No. 123).

## II.     The Termination Provisions.

The Stipulations were not open-ended. To the contrary, the parties agreed that their obligations would last only until (1) trial on the merits, (2) resolution of Plaintiffs' claims that could affect Defendants' right to foreclose; or (3) "issuance of a superseding court order with respect to this Stipulation." June 19 Stipulation ¶ 9; July 16 Stipulation ¶ 9.

Moreover, both Stipulations provided that the parties' agreements could be terminated unilaterally with appropriate written notice to the other:

> Notwithstanding the foregoing paragraphs, any party to this Stipulation may request to be relieved from the terms of this Stipulation by providing ninety (90) days written notice to the other corresponding party. If the non-requesting party does not agree, the requesting party may file a motion with the Court seeking to vacate the Stipulation.

June 19 Stipulation ¶ 9; July 16 Stipulation ¶ 9.

## III.    Plaintiffs Ignore Their Payment Obligations, And Refuse To Cure Their Breaches.

Plaintiffs violated the Stipulations and refused a chance to correct the breaches.

In the approximately nine months that the parties entered into the Stipulations, Plaintiffs have refused to pay required property taxes and insurance. Declaration of Laurie Vanden Branden ("Branden Dec."), attached hereto as Exhibit 1, at ¶¶ 3-5. As a result, to protect the collateral securing their loans, Wells Fargo has been forced to make the property tax and insurance payments with respect to each property, in the following amounts:

- Jones property – $3,184.44
- Monahan/Moreno property – $5,716.14
- Stehman property – $3,194.73

11541269.1

- 3 -

Branden Dec. ¶¶ 3-5.

On February 1, 2010, Wells Fargo sent letters to Plaintiffs' counsel which (a) reminded Plaintiffs about their obligations under the Stipulations to pay property taxes and insurance; (2) informed Plaintiffs of their failure to meet those obligations; and (3) stated the amounts required to cure the breach. *See* Exhibit 2 hereto. The letters also informed Plaintiffs that, if they believed they had complied with the Stipulations, they should provide information to Wells Fargo showing their adherence; alternatively, Plaintiffs could indicate if they wished to make up the deficiencies and abide by the Stipulations in the future. *Id*. Finally, Wells Fargo indicated that it would exercise all its rights resulting from the breach, including obtaining an order dissolving the Stipulations as provided in the Stipulations themselves. *Id*.

Plaintiffs never responded to these letters. Wells Fargo has therefore been forced to continue to make payments of taxes and insurance regarding the subject properties (Branden Dec. ¶¶ 3-5), and it has filed this Motion after expiration of the 90-day notice period set forth in Paragraph 9 of the Stipulations.

## ARGUMENT

The June 19 and July 16 Stipulations between Wells Fargo and Plaintiffs are agreements between the parties governed by contract principles. *Jandy Textiles Corp. v. Atlantic Container Line, Ltd.*, 1991 WL 222161, at * 2 (S.D.N.Y. Oct. 22, 1991). One such basic contract principle is that parties must abide by their written agreements. For that reason, courts vacate stipulations when one party has breached a material term of the agreement and failed to cure the breach. *See, e.g., Hempstead Video, Inc. v. Incorporated Village of Valley Stream*, 409 F.3d 127 (2d Cir. 2005) (stipulation vacated where party breached terms of stipulation); *United States v. Espinoza-Jiminez*, 159 F. App'x 680, 684 (6th Cir. 2005) (same).

The Court should vacate the June 19 and July 16 Stipulations. Plaintiffs ignored their written obligations to pay property taxes and insurance. They also were presented with notice of and an opportunity to explain their breach, or cure the breach and comply with the Stipulations on a going-forward basis. They ignored this opportunity as well. They have simply thumbed their noses at the promises made in the Stipulations.

The breaches were significant. Initially, Wells Fargo was forced to incur a monetary loss and make the tax and insurance payments Plaintiffs refused to pay. And, had Wells Fargo not made these payments, Plaintiffs' failures to abide by their obligations could have exposed Wells Fargo to even more significant losses. If hazard insurance was not paid for a property, and the property was destroyed by a fire, Wells Fargo would suffer a near-complete loss of the collateral securing its loan. Similarly, if taxes were not paid, local taxing authorities could place a lien on the property, which would take priority over Wells Fargo's security interest, thus potentially impairing its ability to recover the outstanding balance of the loan.

Making the breach all the worse is Plaintiffs' total refusal to pay their loans. Paragraph 8 of each Stipulation provides that the parties' agreements "shall not otherwise change or waive the contractual rights" under each of their Notes. Despite their ongoing contractual promises in their Notes to make monthly payments, Plaintiffs Jones, Monahan and Moreno have paid <u>nothing</u> on their loans for nearly two years, and Plaintiff Stehman has gone almost three years without making a payment—in a collective amount of approximately $236,086.10 as of May 2010. Branden Dec. ¶ 3-5.

In short, Plaintiffs are trying to live in their properties indefinitely for free, without even making the tax and insurance payments required under the Stipulations. This circumstance is inequitable and unfair to Wells Fargo, as Judge Jones held in denying a motion for a preliminary injunction to stop foreclosures in a related lawsuit filed by the same attorneys as this one:

> But the real basis here is that the request for equitable relief is unaccompanied by an equitable offer, no tender or part of the payments, no tender of keeping the payments current, just let them [the lenders] be harmed, Judge . . . . It's just inappropriate, and there's no basis to grant the equitable relief requested.

Transcript of Hearing, *Dalton v. Citimortgage, Inc.*, No. 3:09-cv-00534 (Oct. 9, 2009) at pp. 131-32 (attached hereto as Exhibit 3). So too here, because Plaintiffs have violated their binding obligations to Wells Fargo, the Court should vacate the Stipulations to prevent further harm to Wells Fargo and to terminate the current inequitable situation.

Plaintiffs also should not be allowed to continue their conduct in the future. Thus, the

Court also should order that, if Plaintiffs seek injunctive relief of any kind in the future, they should first pay Wells Fargo all unpaid taxes and insurance as a precondition to seeking such relief.

## **CONCLUSION**

For these reasons, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court grant this Motion, and enter an Order (1) vacating the Stipulations entered on June 19 and July 16, 2009; and (2) ordering Plaintiffs to pay to Wells Fargo all unpaid tax and insurance payments as a precondition to seeking injunctive relief in the future.

Dated: May 19, 2010

Respectfully submitted,

/s/ Cynthia Alexander
Cynthia Alexander, Esq. (Nevada Bar No. 6718)
Erica Stutman, Esq. (Nevada Bar No. 10794)
SNELL & WILMER LLP
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252

Thomas M. Hefferon, Esq. (*pro hac vice*)
Joseph F. Yenouskas, Esq. (*pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
thefferon@goodwinprocter.com
jyenouskas@goodwinprocter.com

Attorneys for Defendant Wells Fargo Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2010, I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel being registered to receive Electronic Filing.

/s/ Gaylene Kim
an employee of Snell & Wilmer L.L.P.

11541269.1