1

2

3

4                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
5                          **RENO, NEVADA**

6

7
ALETA ROSE GOODWIN, ROBERT PAUL        )     3:09-CV-306-ECR-PAL
8 MCARTOR, and HEATHER GABEL,           )
individually and on behalf of a        )
9 class of similarly situated           )
individuals; JOSEPH JONES, MEISA       )     **Order**
10 JONES, MICHAEL R. TIERNEY and        )
FREDRICK TULIP, individually and       )
11 on behalf of a class of similarly    )
situated individuals; LINDA R.         )
12 BARBA; CYNTHIA and CHARLES FLAGG;    )
JANICE GANNON; WILLIAM DAN KLUTTZ;     )
13 BRIAN E. JONES; JAMES H. MULLENNIX   )
and JEANNE K. MULLENIX; HEATHER        )
14 MONAHAN and GEORGE R. MORENO;        )
TRAVIS RAWLINGS and SYLVIA             )
15 RAWLINGS; JOHN SULLIVAN and DEBBIE   )
SULLIVAN; JOSEPH E. THURSTON and       )
16 ARLENE THURSTON; JESUS TOVAR;        )
JOHN F. WILBURN; and ROSALIE W.        )
17 WILBURN,                             )
                                       )
18     Plaintiffs,                      )
                                       )
19 vs.                                  )
                                       )
20 EXECUTIVE TRUSTEE SERVICES, LLC.;    )
COUNTRYWIDE HOME LOANS, INC., a        )
21 New York corporation;               )
MERSCORP, INC. a Virginia             )
22 corporation; MORTGAGE ELECTRONIC    )
REGISTRATION SYSTEMS, INC., a         )
23 subsidiary of MERSCORP, Inc. a      )
Delaware Corporation; RECONTRUST      )
24 COMPANY; SAXON MORTGAGE INC.;       )
T.D. SERVICE COMPANY; DEUTSCHE        )
25 BANK NATIONAL TRUST COMPANY;        )
OCWEN LOAN SERVICING, LLC; WESTERN    )
26 PROGRESSIVE, LLC.; AHMSI DEFAULT    )
SERVICES, INC.; QUALITY LOAN          )
27 SERVICE CORPORATION; NATIONAL       )
DEFAULT SERVICING CORPORATION;        )
28 AZTEC FORECLOSURE CORPORATION;      )

```
 1   FEDERAL HOME LOAN MORTGAGE           )
     CORPORATION, a Virginia             )
 2   corporation; FEDERAL NATIONAL       )
     MORTGAGE ASSOCIATION, a District    )
 3   of Columbia corporation; GMAC       )
     MORTGAGE, L.L.C., a Delaware        )
 4   corporation; NATIONAL CITY          )
     MORTGAGE, a foreign company and a   )
 5   division of NATIONAL CITY BANK,     )
     a subsidiary of National City       )
 6   Corporation; NATIONAL CITY          )
     CORPORATION, a Delaware             )
 7   corporation and a subsidiary of     )
     PNC Financial Services, Inc.;       )
 8   PNC FINANCIAL SERVICES, INC., a     )
     Pennsylvania corporation; J.P.      )
 9   MORGAN CHASE BANK, N.A., a          )
     New York corporation;               )
10   CITIMORTGAGE, INC., a New York      )
     corporation; HSBC MORTGAGE          )
11   CORPORATION, U.S.A., a Delaware     )
     corporation; AIG UNITED GUARANTY    )
12   CORPORATION, a foreign              )
     corporation; WELLS FARGO BANK,      )
13   N.A., a California corporation,     )
     dba WELLS FARGO HOME EQUITY and     )
14   dba WELLS FARGO HOME MORTGAGE       )
     division of WELLS FARGO BANK, N.A.,)
15   a California corporation; BANK      )
     OF AMERICA, N.A., a Delaware        )
16   corporation; and GE MONEY BANK,     )
     an Ohio corporation,                )
17                                       )
         Defendants.                     )
18                                       )
                                         )
19   _____   )
```

This is a putative class action brought by numerous homeowners who are in danger of losing or have already lost their homes to foreclosure.  Plaintiffs assert nine claims for relief, but only some of those claims are under our jurisdiction.  The claims under our jurisdiction are Plaintiffs' first claim for fraud in the inducement, fifth claim for wrongful filing of an unlawful detainer, and part of Plaintiffs' second, eighth and ninth claims for unjust enrichment, injunctive and declaratory relief respectively.  Now

2

pending are nine motions to dismiss (## 461, 464, 465, 468, 470, 471, 473, 474 and 476).  Plaintiffs opposed each motion, and Defendants replied.  The motions are ripe, and we now rule on them.

## I. Procedural Background

Plaintiffs filed a class action complaint (#1) and motion for preliminary injunction (#2) on June 9, 2009.  On June 10, 2009, we granted (#5) Plaintiffs' motion for preliminary injunction to the extent it sought a temporary restraining order.  We restrained Defendants from pursuing any foreclosure actions against Plaintiffs or their properties.  The temporary restraining order remained in effect until June 22, 2009.  On June 11, 2009, we amended (#10) the temporary restraining order. On June 22, 2009, we denied Plaintiffs' motion for preliminary injunction (#2) as moot in light of a stipulation of the parties (#26) and an Order (#28) of the Court approving the stipulation.

On June 24, 2009, Plaintiffs filed an amended complaint (#47). On June 29, 2009, Plaintiffs filed a motion (#59) for temporary restraining order and preliminary injunction.  We granted (#67) the motion (#59) to the extent it sought a temporary restraining order. The temporary restraining order remained in effect until July 16, 2009.  On July 15, 2009, certain Defendants stipulated (#110) that they would not initiate or advance any foreclosures with respect to certain properties at issue in this case pending a trial on the merits.  On the same date we entered an Order (#111) approving parts of the stipulation (#110) and disapproving others.  On July 16, 2009, another stipulation (#118) was entered into between certain

3

1  Defendants and certain Plaintiffs.  On July 16, 2009, we held a
2  hearing to clarify our previous Order (#111).  (Mins. (#123).)

3      On July 11, 2009, Plaintiffs filed a motion for preliminary
4  injunction (#98) and a motion to certify class (#99).  Defendants
5  opposed both motions and Plaintiffs replied.  On July 29, 2009,
6  Defendants Federal Home Loan Mortgage Corporation and Federal
7  National Mortgage Association filed a motion (#142) for "Protective
8  Order Staying Discovery and Staying Their Oppositions to Plaintiffs'
9  Motions for Class Certification and Preliminary Injunction and
10 Joinder to Certain Defendants' Joint Motion to Temporarily Stay
11 Proceedings."  The motion (#142) was unopposed.  Between July 29,
12 2009, and December 3, 2009, Defendants filed numerous motions to
13 dismiss (## 141, 143, 145, 153, 154, 156, 161, 162, 163, 164, 165,
14 166, 167, 173, 198, 200, 202, 227, 243, 342, 344 and 356).
15 Plaintiffs opposed the motions, and Defendants replied.  On January
16 8, 2010, we granted (#436) Defendants' motions to dismiss and denied
17 as moot Plaintiffs' motion for preliminary injunction (#98),
18 Plaintiffs' motion to certify class (#99) and Defendants' motion for
19 a protective order (#142).

20     On December 9, 2009, pursuant to a transfer order (#412) issued
21 by the United States Judicial Panel on Multidistrict Litigation, the
22 claims in this case that are related to the formation and/or
23 operation of the MERS system were transferred to the District of
24 Arizona (the "MDL court") and assigned to the Honorable James A.
25 Teilborg for coordinated or consolidated pretrial proceedings.

26     On January 29, 2010, Plaintiffs filed a second amended
27 complaint (#443).  On March 23, 2010, the MDL court filed an order

28                              4

(#453) clarifying which claims were under the MDL court's jurisdiction and which had been remanded to our court.  Between April 7, 2010 and April 8, 2010, Defendants filed nine motions to dismiss (## 461, 464, 465, 468, 470, 471, 473, 474 and 476). Plaintiffs opposed the motions, and Defendants replied.

## II. Motion to Dismiss Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) will only be granted if the complaint fails to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  On a motion to dismiss, "we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990)) (alteration in original).  Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (citation omitted).

Although courts generally assume the facts alleged are true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Accordingly, "[c]onclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss." In re Stac Elecs., 89 F.3d at 1403 (citation omitted).

Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is normally limited to the complaint itself. <u>See</u> <u>Lee v. City of L.A.</u>, 250 F.3d 668, 688 (9th Cir. 2001).  If the district court relies on materials outside the pleadings in making its ruling, it must treat the motion to dismiss as one for summary judgment and give the non-moving party an opportunity to respond.  Fed. R. Civ. P. 12(d); <u>see</u> <u>United States v. Ritchie</u>, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment."  <u>Ritchie</u>, 342 F.3d at 908.

If documents are physically attached to the complaint, then a court may consider them if their "authenticity is not contested" and "the plaintiff's complaint necessarily relies on them."  <u>Lee</u>, 250 F.3d at 688 (citation, internal quotations, and ellipsis omitted). A court may also treat certain documents as incorporated by reference into the plaintiff's complaint if the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim."  <u>Ritchie</u>, 342 F.3d at 908.  Finally, if adjudicative facts or matters of public record meet the requirements of Fed. R. Evid. 201, a court may judicially notice them in deciding a motion to dismiss.  <u>Id.</u> at 909; <u>see</u> Fed. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of

6

accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

### III. Discussion

A. Fraud in the Inducement

Plaintiffs' first claim for relief is fraud in the inducement. The claim fails to satisfy the particularity requirements of Rule 9(b). Federal Rule of Civil Procedure 9(b) requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(B). Rule 9(b) "requires . . . an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks and citation omitted). "[I}n a fraud action against a corporation, a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Saldate v. Wilshire Credit Corp., 686 F. Supp. 2d 1051, 1065 (E.D. Cal. 2010).

Plaintiffs' claim fails to satisfy the requirements of Rule 9(b) because Plaintiffs fail to allege, inter alia, the names of the person or persons who made the allegedly fraudulent representations, their authority to speak and whether their representations were verbal or in writing and when and where the alleged misrepresentation took place.

1       Plaintiffs cite <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541 (9th Cir.

2   2007), for the proposition that they need not identify the

3   individual who made the allegedly fraudulent representations.  <u>Odom</u>,

4   however, involved a consumer purchase at a Best Buy store.  <u>Id.</u> at

5   554.  Fraud was pleaded with particularity with the exception that

6   the plaintiff did not name the individual cashier who conducted the

7   allegedly fraudulent transaction.  <u>Id.</u>  Under those narrow

8   circumstances the Ninth Circuit created a limited exception to the

9   general rule that the alleged maker of a fraudulent representation

10  must be identified: "[I]n the circumstances of a retail transaction

11  whose full consequences are realized only months later, the employee

12  of the store need not be named."  <u>Id.</u>  This case does not involve a

13  routine retail transaction like the kind at issue in <u>Odom</u> and the

14  logic of <u>Odom</u> does not apply with the same force.

15      Moreover, Plaintiffs' failure to plead the identities of the

16  individuals who made the allegedly fraudulent misrepresentations is

17  not the only deficiency in Plaintiffs' claim.  With respect to each

18  of the statements and omissions alleged, Plaintiffs claim that "an

19  agent or agent" made the misrepresentation.  It is thus unclear how

20  many parties made the alleged misrepresentations and whether they

21  were made on one or multiple occasions.  Plaintiffs also fail to

22  plead facts relating to the contexts in which the agent or agents

23  made the misrepresentations at issue.  Plaintiffs do not indicate

24  whether the misrepresentations were made in person, in writing or

25  over the phone.  This further obscures the context of the alleged

26  fraud and ultimately deprives Defendants of the specific notice

27

28                                            8

1  required under Rule 9(b).  Plaintiffs' first claim will thus be
2  dismissed.

3      B. Unjust Enrichment

4      Plaintiffs' second claim for relief alleges unjust enrichment.
5  Plaintiffs' unjust enrichment claim has been remanded (#453) to us
6  only with respect to Plaintiffs Linda Barba, John Wilburn and Rosa
7  and Sergio Diaz.  Plaintiffs allege that because the loan contracts
8  at issue were obtained through fraud and misrepresentation, any
9  retention of benefits by Defendants is unjust.

10     Under Nevada law, unjust enrichment occurs when "a person has
11 and retains a benefit which in equity and good conscience belongs to
12 another."  Leasepartners Corp. v. Robert L. Brooks Trust Dated
13 November 12, 1975, 942 P.2d 182, 187 (Nev. 1997).  An action "based
14 on a theory of unjust enrichment is not available when there is an
15 express, written contract, because no agreement can be implied when
16 there is an express agreement."  Id.  The doctrine of unjust
17 enrichment thus only "applies to situations where there is no legal
18 contract but where the person sought to be charged is in possession
19 of money or property which in good conscience and justice he should
20 not retain but should deliver to another [or should pay for]."  Id.
21 (quoting 66 Am. Jur. 2d Restitution § 11 (1973)).

22     Plaintiffs contend that because the mortgages at issue were
23 procured through fraud, they may proceed under an unjust enrichment
24 theory.  Plaintiffs, as noted above, have not alleged sufficient
25 facts to support a claim for fraud and therefore the written
26 contract guides the relationship between the parties.  Plaintiffs'
27 unjust enrichment claim thus fails.

28                                 9

## C. Wrongful Filing of an Unlawful Retainer

Plaintiffs' fifth claim is titled "wrongful filing of an unlawful retainer."  The claim is alleged by Plaintiff Gable against Saxon Mortgage Services, Inc. ("Saxon").  Gable alleges that Saxon wrongfully served her with a notice to quit the premises and wrongfully filed an unlawful detainer action against her.  (Second Am. Compl. § 200 (#443).)  As a result, Gabel experienced "mental anguish" and incurred attorney fees and costs in defending against the action.  (Id.)  We have not discovered, nor has Plaintiff provided, any authority in support of the proposition that "wrongful filing of an unlawful retainer" is a tort recognized in Nevada. Moreover, it appears that any fees or damages Gabel incurred as a result of defending against the action should have been addressed in the context of that proceeding, for example as a counterclaim or a motion for attorneys fees.  Plaintiffs' fifth claim will therefore be dismissed.

## D. Injunctive and Declaratory Relief

Plaintiffs' eighth and ninth claims are injunctive and declaratory relief respectively.  These are not independent claims, but rather forms of relief.  They have been remanded to us to the extent they are based on the underlying remanded claims.  In light of our dismissal of all the remanded claims, we likewise dismiss Plaintiffs' eighth and ninth claims for relief.

**IV.   Leave to Amend**

Under Rule 15(a) leave to amend is to be "freely given when justice so requires." FED. R. CIV. P. 15(a).  In general, amendment should be allowed with "extreme liberality." <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001) (quoting <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990)).  If factors such as undue delay, bad faith, dilatory motive, undue prejudice or futility of amendment are present, leave to amend may properly be denied in the district court's discretion. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-52 (9th Cir. 2003)(discussing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

We have already given Plaintiffs leave to amend their Complaint once.  Indeed, this is Plaintiffs' third complaint in this lawsuit, and it is fatally deficient.  We therefore conclude that giving Plaintiffs further leave to amend their complaint would be futile.

**VI. Conclusion**

None of Plaintiffs' remanded claims survive the pending motions to dismiss.  Plaintiffs' first claim for fraudulent inducement fails to satisfy Rule 9(b).  Plaintiffs' second claim for unjust enrichment fails because the parties' relationship is governed by an express, written contract.  Plaintiffs' fifth claim for wrongful filing of an unlawful detainer action is not a recognized tort in the state of Nevada.  Plaintiffs' eighth and ninth claims are forms of relief, not independent causes of actions.  They will therefore

1  be dismissed in light of our dismissal of the underlying substantive

2  claims.

3

4      **IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' Motions to

5  Dismiss (##  461, 464, 465, 468, 470, 471, 473, 474 and 476) are

6  **GRANTED** on the following basis: We lack jurisdiction over

7  Plaintiffs' claims that were transferred to the MDL court; this

8  order thus only dismisses the claims remanded to us pursuant to the

9  MDL court's order (#453) clarifying which claims remain within our

10 jurisdiction.

11

12

13

14 DATED: December 2, 2010.                    _Edward C. Reed._

15                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28                              12